The following is the opinion at special term:
Patterson, J.
The important question, and the only one requiring special consideration in this cause, relates to the construction to be given to that clause of the will of Mr. Reuben Withers by which the trusts for three of his daughters and the descendants of a, fourth are created. They date from the death of the testator’s widow, which accrued in 1879. Notwithstanding the ingenious argument of the counsel for the New York Security & Trust Co., I am persuaded that under the ninth and subsequent clauses of the will and from the structure of the whole instrument, it was the intention of the testator to have each of these four trusts consist of a specific sum of twenty thousand dollars in money value only, and that the executor would have performed his whole duty had he so established those several trusts by investing the amount of each in any authorized court security, and that had he done otherwise and a loss resulted he might well have been held to accountability for it. The residuary estate for the purposes of these trusts was to be diminished by $80,000. If to constitute them it was necessary to release that sum even at the cost of the whole of such residuary applicable under the will the executor would have been protected in doing so. A specific gift of the securities of the estate as they might stand in executors’ hands at the death of Mrs. Withers could not have been contemplated, for there was a power of sale and it is impossible that the testator could have imagined even how the estate would be invested at the death of his widow. These four amounts were fixed capital sums to be securely invested without reference to the preservation intact or the actual allot *282 inent in specie of securities held by the executor. Nothing contrary to this view is to be inferred from the retention by the executor of the securities in the same form of investment in which they existed at the time of Mr. Withers’ death. He took the risk of that, and by the assent all paid interest for years to the beneficiaries on the several sums, without reference to what each class of securities earned. I am convinced that these trust sums are not to be augmented by an increase in value of the particular securities of the whole estate on the theory that portions of these precise securities should have been devoted to constitute the investment of each separate trust fund.
Kellogg, Rose & Smith, for app’lts; Shipman, Larocque & Choate, for resp’t.
There being no questions raised as to the accounts, the whole case may be disposed of without a reference. I have adopted the findings of fact proposed by the plaintiff’s attorneys and the conclusions of law presented by Mr. Hand, the latter apparently covering the whole case. Judgment in accordance with the findings ; costs of all parties to be paid from the estate and decree to be settled on two days’ notice.
Per Curiam.
Judgment in this case is affirmed, with costs (1) to the plaintiff; (2) to the defendants Reuben B. Withers and others ; (3) to the United States Trust Company, and to the New York Security & Trust Company, as trustee, payable out of the estate of Reuben Withers, upon the opinion of Mr. Justice Patterson at special term.
Van Brunt, P. J., Follett and Barrett, JJ., concur.